IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNY BEANE,

Plaintiff,

v.

TERESA FLERI, OFFICE MANAGER,
HOUSING AUTHORITY OF
JEFFERSON COUNTY,

Defendant.                                              No. 13-343-DRH-DGW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On April 9, 2013, Kenny Beane, pro se, filed a civil rights suit against Teresa Fleri, Office Manager of the Housing Authority of Jefferson County, Illinois (Doc. 1).  Beane alleges that the Housing Authority violated his constitutional right, specifically his First Amendment right to freedom of speech.  The Court notes that Beane received an eviction notice from the Housing Authority for violating a term of his lease that prohibits a resident from acting in a manner which disturbs other residents' peaceful enjoyment of the space they have leased.  The eviction notice also stated Beane was in violation of his lease for failing to adhere to the requirement that he maintain his property in a decent, safe, and sanitary condition.  As it stands now, a bare allegation of a deprivation of the right to freedom of speech coupled with the eviction notice does provide the Court with

enough to conclude that the plaintiff has plead a viable case, even though there is a hint of a federal civil right at stake.

Plaintiff is hereby **DIRECTED** to **AMEND** his complaint to allege exactly what policy or custom of the Housing Authority violated his right to freedom of speech, and exactly how his right to freedom of speech was violated. Plaintiff is **DIRECTED** to describe in more detail precisely what the Housing Authority did or said to violate his First Amendment right to freedom of speech. Plaintiff claims the policy or custom of the Housing Authority violated his rights to freedom of speech, and he asks this Court for injunctive relief. See Section B on p. 2. Plaintiff must allege exactly to what policy or custom he is referring. Specifically, plaintiff needs to inform this Court of what actions the Housing Authority took or what statements the Housing Authority made that kept plaintiff from saying what he wanted to say, and in so doing, violated his First Amendment right to freedom of speech.

The amended document shall be designated "First Amended Complaint" and shall supersede and replace the original complaint and exhibits (Doc. 1). *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. In addition, plaintiff must resubmit any exhibits and attachments that he wishes the Court to consider along with his amended complaint, which shall include any response petitioner may have received to his

BP-11.   Failure to file an amended complaint shall result in the **DISMISSAL** of this action without prejudice.

Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and he is **DIRECTED** to file his **AMENDED COMPLAINT** no later than May 16, 2013.

**IT IS SO ORDERED.**

Signed this 16th day of April, 2013.

Digitally signed by
David R. Herndon
Date: 2013.04.16
09:25:02 -05'00'

**Chief Judge**
**United States District Court**