IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNY BEANE,**

**Plaintiff,**

**v.**

**TERESA FLERI, OFFICE MANAGER,
HOUSING AUTHORITY OF
JEFFERSON COUNTY,**

**Defendant.**                                                   **No. 13-343-DRH-DGW**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On April 9, 2013, Kenny Beane, pro se, filed a civil rights suit against Teresa Fleri, Office Manager of the Housing Authority of Jefferson County, Illinois (Doc. 1). Beane alleged that the Housing Authority violated his constitutional right, specifically his First Amendment right to freedom of speech. The Court noted that Beane received an eviction notice from the Housing Authority for violating a term of his lease that prohibits a resident from acting in a manner which disturbs other residents' peaceful enjoyment of the space they have leased. The eviction notice also stated Beane was in violation of his lease for failing to adhere to the requirement that he maintain his property in a decent, safe, and sanitary condition.

The Court dismissed the complaint without prejudice and directed plaintiff to amend his complaint to allege exactly what policy of custom of the Housing

Authority violated his right to freedom of speech, and exactly how was his right to freedom of speech violated (Doc. 6).  Plaintiff was directed to describe in more detail precisely what the Housing Authority did or said to violate his First Amendment right to freedom of speech.  Plaintiff claimed the policy or custom of the Housing Authority violated his rights to freedom of speech, and he asked this Court for injunctive relief.  Specifically, plaintiff was directed to inform this Court of what actions the Housing Authority took or what statements the Housing Authority made that kept plaintiff from saying what he wanted to say, and in so doing, violated his First Amendment right to freedom of speech.

Plaintiff was instructed that his amended complaint should be designated "First Amended Complaint" and that it would supersede and replace his original complaint and exhibits (Doc. 1).  Further, plaintiff was directed that the amended complaint must be able to stand on its own.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  In addition, plaintiff was directed to resubmit any exhibits and attachments that he wished the Court to consider along with his amended complaint.  The Court directed plaintiff to file his amended complaint by May 16, 2013.

On May 14, 2013, plaintiff filed a document designated "amended to complaint" (Doc. 7).  Plaintiff's amended complaint consists of five pages – three handwritten, one containing a page from the pro se litigant guide, and one that appears to be a partial reprint of an article concerning the National Rifle Association and freedom of speech.  Plaintiff's amended complaint states:  "the

plaintiff unable to litigate and or vindicate a constitutional right of freedom of speech why because of the negligent conduct of Teresa Fleri in deprived my right to freedom of speech Teresa Fleri owes me compensation under federal law for deprived me of my freedom of speech right your rights are normal everyday people living skills."

These allegations do not reference any facts from which the Court could infer that defendant is liable for anything. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court cannot find a claim here, much less a plausible one. For failure to state a claim upon which relief can be granted, the Court **DISMISSES WITHOUT PREJUDICE** this complaint. Fed. R. Civ. P. 12(b)(6). If Beane is able to articulate a cognizable claim in the future, he may refile. The Court closes the case.

**IT IS SO ORDERED.**

Signed this 4th day of June, 2013.

Digitally signed by
David R. Herndon
Date: 2013.06.04
13:24:32 -05'00'

**Chief Judge
United States District Court**